

FILED & ENTERED

SEP 30 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:   MIRAGE BOTTLING GROUP, INC., Debtor | Case No.:  2:12-bk-35770-ER |
| HOWARD M. EHRENBERG, solely in his capacity as Chapter 7 Trustee for Mirage Bottling Group, Inc., <br><br>                                          Plaintiff<br><br>             v.<br><br>LILIT SAYADYAN,<br><br>                                          Defendant | Adv. No.:  2:14-ap-01820-ER <br><br>**MEMORANDUM OF DECISION: (1) IMPOSING DISCOVERY SANCTIONS AGAINST DEFENDANT; AND (2) FINDING THAT PLAINTIFF IS ENTITLED TO ENTRY OF JUDGMENT AS TO ALL CLAIMS FOR RELIEF**<br><br>Date:        September 28, 2015<br>Time:       9:00 a.m.<br>Location:  Ctrm. 1568<br>                 Roybal Federal Building<br>                 255 East Temple Street<br>                 Los Angeles, CA 90012 |

   As a discovery sanction, Defendant is barred from presenting any evidence in support of Defendant's §547(c) ordinary course of business and new value defenses. Absent the §547(c) defenses, Defendant cannot prevail in this action. Judgment will be entered in favor of the Trustee.

## I. Facts and Summary of Pleadings[1]

In this preference action, the Trustee seeks to avoid $40,754.13 in pre-petition transfers from Mirage Bottling Group ("Debtor") to Lilit Sayadyan ("Defendant"). Defendant held a 49% equity interest in the Debtor and is an insider within the meaning of §101(31). Pretrial Stipulation ¶ I.5. Although Defendant has not filed a Proof of Claim, the Trustee seeks to disallow any Proof of Claim that the Defendant might file.

Defendant acknowledges that the transfers were made on account of an antecedent debt within the one year preference period; that the Debtor was insolvent at the time of the transfers; and that the transfers enabled Defendant to receive more than she would have through a chapter 7 liquidation. *Id.* at I.11–I.16.

Defendant asserts that the majority of the transfers were salary payments made in the ordinary course of business. Defendant's Trial Brief at 2; Defendant's Proposed Findings of Fact (transfers listed in ¶¶ 1–13, 15, 17–23, and 25–26 were wages). Transfers of $4,500, $4,436, and $5,007 were to permit Defendant to obtain cashier's checks to pay Debtor's vendors. Defendant's Proposed Findings of Fact at ¶¶ 14, 16, and 24. As a shareholder and officer of the Debtor, Defendant "was trusted to handle company money for the benefit of the company. As such, [Debtor] Mirage would issue a check to [Defendant] Lilit who would then go to the bank, cash the check, and then purchase a cashier's check." Defendant's Trial Brief at 4.

Plaintiff argues that Defendant fails to carry her burden of proof in establishing the §547(c) defense. According to Plaintiff, Defendant has failed to disclose a single fact or identify or produce a single document throughout the entire case:

- Defendant did not disclose any documents or identify any witnesses in compliance with Defendant's obligations under Federal Rule of Civil Procedure 26(a)(1)(A)(ii).
- Defendant did not respond to the Trustee's written discovery, including interrogatories and requests for production of documents.
- Defendant did not produce any information about her defenses through informal discovery, despite numerous requests over a period of many months.
- Defendant did not identify any facts to be litigated in the Joint Pretrial Stipulation.

Plaintiff's Trial Brief at 6. Plaintiff requests that, as a discovery sanction, Defendant be barred from presenting any witnesses (other than Defendant) or any evidence at trial.

---

[1] The Court considered the following pleadings in connection with this matter:
1) Complaint for: (1) Avoidance and Recovery of Preferential Transfers; and (2) Disallowance of Claim ("Complaint") [Doc. No. 1]
2) Defendant Lilit Sayadyan's Answer ("Answer") [Doc. No. 10]
3) Joint Pre-Trial Stipulation ("Pretrial Stipulation") [Doc. No. 23]
4) Plaintiff's Corrected Trial Brief [Doc. No. 26]
   a) Notice of Lodgment of Plaintiff's Proposed Findings of Fact and Conclusions of Law [Doc. No. 28]
5) Defendant Lilit Sayadyan's Trial Brief [Doc. No. 30]
   a) Defendant Lilit Sayadyan's Witness List [not docketed]
   b) Defendant Lilit Sayadyan's Proposed Findings of Fact and Conclusions of Law [Doc. No. 27]

## II.    The Court Finds and Concludes as Follows:

### A. Rule 37(c) Sanctions

Fed. R. Civ. P. 26(a) sets forth disclosures required of all parties to an action. Fed. R. Civ. P. 37(c) provides that a party who fails to provide the information required by Rule 26 "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The burden is on the non-compliant party—here, the Defendant—to "demonstrate that failure to comply with Rule 26(a) is substantially justified or harmless." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008). Exclusion of evidence under Rule 37(c) does not require the Court "to make a finding of willfulness or bad faith," and the "implementation of the sanction is appropriate 'even when a litigant's entire cause of action … [will be] precluded.'" *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008).

The record does not reflect when Defendant notified Plaintiff of its intent to call Lilit Sayadyan and Toros Yeranosian as witnesses. Sayadyan and Yeranosian are listed in the Pre-Trial Stipulation, filed on July 28, 2015. Based on Plaintiff's allegations, it appears that these witnesses were not timely disclosed in accordance with Defendant's Rule 26(a) obligations.

Defendant's witness list—delivered to chambers but not filed on the docket—lists a third witness, Vicken Djeredjian. Djeredjian was not listed as a witness in the Pre-Trial Stipulation. It is possible that Defendant has not informed Plaintiff of its intent to call Djeredjian as a witness.

Djeredjian will not be permitted to testify. Defendant was required to disclose Djeredjian as a witness to Plaintiff long ago but failed to do so. Under Rule 37(c) the penalty for this dilatory conduct is straightforward—Defendant is not allowed to use a non-disclosed witness to present evidence at trial.

### B. Rule 37(d) Sanctions

Fed. R. Civ. P. 37(d)(1)(A)(ii) provides: "The court where the action is pending may, on motion, order sanctions if a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." The Court may order any of the following sanctions:
>    (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>    (iii) striking pleadings in whole or in part;
>    (iv) staying further proceedings until the order is obeyed;
>    (v) dismissing the action or proceeding in whole or in part;
>    (vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi).

The Court construes Plaintiff's Trial Brief as a motion for discovery sanctions under Rule 37(d)(1)(A)(ii). Defendant has failed to respond to the Trustee's interrogatories—in fact, Defendant has failed to respond to any of the Trustee's discovery demands. As the plain language of Rule 37(d) makes clear, sanctions for failure to respond to interrogatories may be imposed even absent a prior court order compelling discovery. Defendant has made no attempt to

explain or justify its near total failure to comply with discovery obligations.[2] *See Hilao v. Estate of Marcos*, 103 F.3d 762, 765 (9th Cir. 1996) (imposing Rule 37 sanctions because the fact that the non-compliant parties "made no attempt to explain or excuse their failure … suggests that the failure was deliberate"). The Court finds that Defendant's non-compliance was the result of willfulness, fault, or bad faith. *See R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247-48 (9th Cir. 2012).

As a sanction for non-compliance, Defendant is barred from presenting any testimony or evidence in support of Defendant's §547(c) ordinary course of business or new value defenses. Plaintiff should not have been required to wait for Defendant's Trial Brief, submitted the week before trial, to ascertain the contours of Defendant's defense. Defendant had ample time to comply with discovery obligations. On December 22, 2014, the Court issued a Scheduling Order [Doc. No. 4] setting July 31, 2015 as the discover cutoff. Seven months was more than adequate to allow Defendant to furnish any discovery requested. The issues of fact and law raised in this action are not complex—Defendant's trial brief is only four pages long.

Defendant's failure to fulfill its discovery obligations is consistent with Defendant's pattern of ignoring other deadlines imposed by the Court:

1. Defendant's Answer was due by January 20, 2015, but was not filed until January 29, 2015. *See* Doc. Nos. 7 (Summons) and 10 (Answer).
2. Defendant failed to sufficiently cooperate with Plaintiff to submit a Request for Assignment to Mediation after the Court ordered the parties to mediate. As a result, Plaintiff was required to unilaterally submit the mediation order. *See* Declaration of Matthew A. Lesnick in Support of Unilateral Request for Assignment to Mediation Program [Doc. No. 20] ("On March 24, 2015, I spoke to Michael Plotkin, counsel for Defendant in this adversary proceeding, to discuss submitting the Request and Order, and he was agreeable…. The Request and Order named David Meadows as mediator. We chose Mr. Meadows as the mediator for each of the nine adversary proceedings that are going to mediation in this case because he is a capable mediator and was willing to provide a more favorable rate if we used him as the mediator for all of the adversary proceedings…. In the conversation that I had with Mr. Plotkin on March 24th, he seemed amenable to using Mr. Meadows as a mediator, subject to his client's approval. I called and e-mailed Mr. Plotkin numerous times between March 26th and today [April 10] to follow up on my request that he and his client sign the Request and Order and return the signatures to me, including, without limitation, e-mail messages and voicemail messages this week on April 6, 9, and 10. Mr. Plotkin did not return any of my messages or send the requested signatures.").

In view of Defendant's dilatory conduct throughout this case, the Court finds that lesser sanctions would be insufficient to deter Defendant's non-compliance.

---

[2] The Court informed Defendant of its inclination to impose sanctions via a tentative ruling provided to the Defendant prior to oral argument. At oral argument, Defendant offered no explanation for the failure to fulfill her discovery obligations. The entirety of Defendant's response to the Court's tentative was as follows: "Well it seems the Court has been pretty thorough in the tentative. To stand here and start explaining some of the information would be a waste of the Court's time." September 28, 2015 Oral Argument (audio on file with Clerk of the Court).

**C. Judgment Will Be Entered in Favor of the Trustee**

      Defendant has stipulated to all the elements necessary to establish a preference under §547(b). *See* Joint Pre-Trial Stipulation [Doc. No. 23] at ¶¶ 1–18. Defendant can escape liability only be establishing an affirmative defense under §547(c). As Defendant will not be permitted to present evidence establishing a §547(c) defense, the Court will enter judgment in favor of the Trustee.

      The Trustee shall lodge a judgment.

###

Date: September 30, 2015

Ernest M. Robles
United States Bankruptcy Judge